

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DSS:SDD
F.#1996R04869

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 18, 2012

**By Hand & ECF**

The Honorable Raymond Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Michelle Miles
Criminal Docket No. 97-998 (S-3)

Dear Judge Dearie:

On April 2, 2012, the defendant moved for resentencing pursuant to the Fair Sentencing Act of 2010 ("FSA"), United States Sentencing Guidelines Sections 1B1.10 and 2D1.1 and Title 18, United States Code, Section 3582(c)(2). On May 15, 2009, the government previously responded to a similar resentencing motion. For the reason set forth below, and in the government's prior submission, the defendant's motion should be denied.

## I. Background

The relevant facts are undisputed. On March 24, 2000, the Honorable Judge Eugene Nickerson sentenced the defendant to 360 months in prison, based on the evidence elicited at trial, the facts set forth in the Presentence Investigation Report ("PSR") and the applicable Guidelines. The PSR indicated that the defendant was "accountable for the distribution of a conservative estimate of over 61.54 kilograms of crack-cocaine, as well as 1.38 kilograms of heroin." (PSR ¶ 15). In the district court's Statement of Reasons appended to the Judgment, Judge Nickerson expressly set forth that, in imposing sentence, the court "adopts the factual findings in the presentence report," but applied a two-level enhancement rather than a four-level enhancement, based on the defendant's role in the offense. The defendant subsequently appealed her conviction and her sentence, both of which were upheld by the Second Circuit. See United States v. Burrell, 289 F.3d 220, 223 (2d Cir. 2002) (noting that "Miles, who was Stanley Burrell's girlfriend, acted as the business manager for his organization, hiring workers, scheduling shifts, supplying workers, collecting money, and cooking and packaging crack.")

On April 3, 2009, the defendant filed a motion for resentencing, pursuant to 18 U.S.C. § 3582(c)(2), on the basis that the Guidelines had been amended with respect to crack cocaine. As noted above, the government filed a response on May 15, 2009, which is incorporated by reference to this submission. Since then, Congress passed the FSA and amended Title 21 of the United States Code, which changed the penalties for crack cocaine offenses. On April 2, 2012, the defendant filed the instant motion, resurrecting similar arguments form her prior submission, and invoking the FSA. In the instant motion, the defendant seeks resentencing on the basis that the district court's findings were ambiguous, and that Judge Nickerson failed to satisfy the requirements of 18 U.S.C. § 3553(c) because he did not make specific findings with respect to the basis for the defendant's sentence.

## II. Applicable Law

### 1. Resentencing Under Section 3582

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." See Dillon v. United States, 130 S. Ct. 2683, 2691-92 (2010). In Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant.

Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (Nov. 1, 2011) (emphasis added). Thus, where the application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Lindsey, 556 F.3d 238 (4th Cir. 2009) (finding that, although a defendant's offense level (prior to a departure) was 41, and is now 39, he was not entitled to relief because the sentencing range of 360 months to life remained unchanged); United States v. McFadden, 523 F.3d 839 (8th Cir. 2008) (per

curiam); United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008).

2. Findings of the Court at Sentencing

18 U.S.C. § 3553(c) provides that, "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." "[T]his requirement does not require the district court to issue a full opinion in every case, the length and level of detail required varies depending upon the circumstances." United States v. Villafuerte, 502 F.3d 204, 210 (2d Cir. 2007) (citation and internal quotation marks omitted). To determine whether a district court has fulfilled its obligations under Section 3553(c), it is appropriate to look to both the sentencing hearing transcript and the judgment. United States v. Lewis, 424 F.3d 239, 245 (2d Cir. 2005); see also United States v. Espinoza, 514 F.3d 209, 212 (2d Cir. 2008) ("A district court may satisfy this obligation by adopting the factual findings in the PSR, either at the sentencing hearing or in the written judgment.") (emphasis added). "A district court that adopts the factual findings of a defendant's PSR is not required explicitly to provide any further analysis." United States v. Watkins, 667 F.3d 254, 266 (2d Cir. 2012) (citation omitted).

## III. Analysis

Applying the provisions of the FSA and the amended Guidelines to the defendant under the circumstances presented here, the defendant's original sentence of 360 months still falls within the applicable amended Guidelines range, since the defendant is accountable for more than 8.4 kilograms of cocaine base. As the defendant acknowledges, "after upwards adjustments for firearm possession and managerial role, the amended offense level would be 42 . . . . this offense level corresponds to a sentence guidelines range of 360 months to life." (Def. Mot. at 3); see also U.S.S.G. § 2D1.1(c)(1). "The potential impact under this analysis is nil; Ms. Miles would not be eligible for a sentence reduction." (Def. Mot. at 3).

Thus, the question presented is whether the district court properly found, pursuant to 18 U.S.C. § 3553(c), that the defendant was responsible for 8.4 kilograms or more of cocaine base. In this connection, the defendant asserts that the sentencing court held her responsible only for 1.5 kilograms of crack, and "at no point in the record did Judge Nickerson

specifically adopt the quantities reported in the PSR." (Def. Mot. at 4). The defendant further argues that, with respect to the quantities at issue, Judge Nickerson's sentence was ambiguous, and that resentencing is therefore appropriate. (Def. Mot. at 5). The defendant is mistaken.

The PSR ascribed to the defendant more than 60 kilograms of cocaine base. (PSR ¶ 15). At the sentencing hearing, Judge Nickerson expressly stated "I studied the presentence report and it seems to me clear under the evidence in this case that the base offense level of 38 is right, that the amount of crack cocaine was far in excess of what would amount to 38." (Mar. 24, 2000 Tr. at 4:24-5:2). Moreover, the Judgment included a Statement of Reasons in which the district court indicated that "[t]he court adopts the factual findings in the [PSR] but finds pursuant to 3B1.1 that the appropriate addition for role adjustment is two rather than four. Defendant is sentenced at level 42." Under the circumstances, the sentencing court adequately fulfilled its obligations under Section 3553(c). Espinoza, 514 F.3d at 212.

In Espinoza, the Second Circuit addressed the question of whether the sentencing court's pronouncement in the Statement of Reasons sufficiently set forth the basis for the application of a sentencing enhancement under the advisory Guidelines. The Court of Appeals explained:

> Our precedents are uniform in requiring a district court to make specific factual findings to support a sentence enhancement under U.S.S.G. § 3B1.1. A district court may satisfy this obligation by adopting the factual findings in the PSR, either at the sentencing hearing or in the written judgment. However, in either event, the findings must be "adequate to support the sentence." In this case, the District Court adopted the factual findings in the PSR without change in the SOR.

Espinoza, 514 F.3d at 212 (citations omitted). The Court further observed that:

> while the adoption of the PSR in the written judgment satisfies a district court's obligation to make specific findings, it does not satisfy the additional requirement that the district court, "at the time of

> sentencing, . . . state in open court the reasons for its imposition of the particular sentence. Here, the District Court failed to state its findings or explicitly adopt the PSR in open court. . . . It should have done so irrespective of whether Espinoza lost the ability to challenge the District Court's error on appeal by failing to interpose a timely objection before that Court.

Id. (citations omitted). However, the Court of Appeals further observed that "[e]stablishing that a sentencing court failed to fulfil the "open court" requirement is not, however, tantamount to establishing plain error." Id. "As we have previously noted, failure to satisfy the open court requirement of § 3553(c) . . . does not constitute plain error if the district court relies on the PSR, and the factual findings in the PSR are adequate to support the sentence." Id. (citations and internal quotation marks omitted). The Court concluded that, as here, "because the District Court relied on the findings in the PSR, and those findings are adequate to support the sentence, the defendant has not shown plain error. Thus, we need not remand for resentencing." Id.

In sum, here, based on the transcript of the sentencing hearing, the facts set forth in the PSR, and the Statement of Reasons in the Judgment, the record is more than sufficient to support the sentence imposed. The defendant's Guidelines range is unaffected by the amendments to the crack resentencing guidelines because the applicable range is still 360 months to life based on the quantity of cocaine base for which she is responsible along with the other applicable enhancements. The basis for the defendant's sentence was not ambiguous. Cf. United States v. McGee, 553 F.3d 225, 229-30 (2d Cir. 2009).

**IV. Conclusion**

For the foregoing reasons, the government respectfully submits that the defendant's motion should be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Seth D. DuCharme
Assistant U.S. Attorney
(718) 254-6021

cc: Heidi Cesare, Esq.